UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                        Case No. 12-cr-20640

v                                                  Honorable Thomas L. Ludington

DANIEL ROBERT DROUIN,

           Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

On August 19, 2013, Defendant Daniel Robert Drouin moved to withdraw his guilty plea. ECF No. 56. Drouin argues that his motion should be granted for three reasons: (1) the Government induced him to enter the guilty plea by stating it would recommend that his sentence concurrently with a state sentence he is currently serving; (2) the Government acted in bad faith in the plea negotiations; and (3) Drouin is willing to accept responsibility for drug trafficking based on a lesser quantity than what he plead guilty to.

**I**

Drouin and two other men were charged with aiding and abetting the distribution of cocaine and conspiracy to distribute. Indictment, ECF No. 3. On January 31, 2013, Drouin's codefendants each entered a Rule 11 plea agreement with the Government in which they pleaded guilty to conspiracy to distribute cocaine. ECF No. 31, 33. As Drouin was the only remaining defendant in the case, the Government filed a second superseding indictment charging Drouin with two counts of aiding and abetting the distribution of cocaine, 21 U.S.C. § 841(a)(1), and

conspiracy to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1). Second Superseding Indictment, ECF No. 40.

On June 6, 2013, Drouin executed a Rule 11 plea agreement. ECF No. 50. Drouin agreed to enter a plea of guilty to conspiracy to distribute more than 500 grams of cocaine. Plea Agreement 1, ECF No. 50. In exchange for the plea, the Government agreed to dismiss the two remaining charges and to refrain from filing an enhancement for Drouin's prior felony drug conviction pursuant to 21 U.S.C. § 851. Plea Agreement 3-4, 7. That same day, Drouin appeared before Magistrate Judge Charles Binder and tendered a guilty plea. *See* Hearing Transcript, ECF No. 50.

## II

Federal Rule of Criminal Procedure 11 provides that "[a] defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Hyde*, 520 U.S. 670, 671 (1997).

The Sixth Circuit has identified seven factors for a district court to consider when deciding whether a defendant has established a "fair and just reason" to withdraw the plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
> (3) whether the defendant has asserted or maintained his innocence;
> (4) the circumstances underlying the entry of the guilty plea;
> (5) the defendant's nature and background;
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
> (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. York*, 405 F. App'x 943, 948 (6th Cir. 2011) (quoting *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008)).

The Sixth Circuit cautions, however, that this list is "general and nonexclusive." *Id*. Rather, "the district court must review all the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *York*, 405 F. App'x at 949 (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

In evaluating the totality of the circumstances, "the court should be mindful 'that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *York*, 405 F. App'x at 949 (internal quotation marks omitted) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).

Here, the totality of the circumstances do not suggest a "fair and just reason" for the withdrawal of Drouin's plea.

First, Drouin did not promptly make a motion to withdraw the plea. The Sixth Circuit has held that a delay of seventy-seven days was "the strongest factor" supporting a denial of a motion to withdraw a plea. *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999). Here, about seventy-four days passed between the entry of the guilty plea and the motion to withdraw the plea. Therefore, the delay in filing the motion to withdraw weighs in favor of denial.

Second, Drouin offers no reason (much less a valid one) to explain why he did not move to withdraw his plea earlier in the proceedings.

Third, Drouin has not asserted his innocence. On the contrary, Drouin admits that he is guilty. At the plea hearing, Drouin admitted that he possessed about seven and a half pounds of cocaine. Hearing Transcript 25. Moreover, Drouin's motion reiterates his guilt: "Defendant still

accepts responsibility for drug trafficking but only based on a lesser drug quantity." Mot. to Withdraw Guilty Plea 1, ECF No. 56.

Fourth, the circumstances underlying the entry of the guilty plea do not indicate that Drouin entered the plea "hastily" with an "unsure heart and confused mind." Before the plea hearing, Drouin entered into a Rule 11 plea agreement that spelled out the charges he was pleading guilty to, the factual basis for those charges, and the sentencing consequences. At the plea hearing, the Court examined the factual basis for the charges and discussed the sentencing consequences. Drouin accepted responsibility for the facts and testified that his plea was voluntarily and intelligently made. As Drouin's attorney stated at the plea hearing: "my client has agreed to this Rule 11 agreement over my objection and over my protest, because it's what he wants to do, which is really all that matters." Hearing Transcript 5.

In addition, the Government did not act in bad faith during the plea negotiations. The Government provided information about Robert Morris's grand jury testimony against Drouin to defense counsel three days before the plea hearing. Response, Exhibit C. Drouin was therefore aware of the content of Morris's testimony when he accepted the plea agreement. Drouin claims he later learned from an unidentified party that at Morris's sentencing, Morris said something along the lines of "Drouin did not have anywhere near" 500 grams of cocaine and that he "didn't know where the government got those numbers." Morris was sentenced in May and the statements he made at sentencing were therefore available to Drouin before he entered his plea in June. The Government did not attempt to hide this information, and therefore did not act in bad faith in the plea negotiations.

Fifth, Drouin's nature and background do not provide any fair and just reasons for permitting the withdrawal of the plea. At thirty-two years old, Drouin has completed his GED

and some college. Government's Response 14-15, ECF No. 60. Judge Binder found that Drouin was competent to make a plea and that the plea was knowingly and intelligently made. Report and Recommendation 1, ECF No. 52.

Sixth and similarly, Drouin's prior experience with the criminal justice system does not support his motion to withdraw the plea. In the last fifteen years, Drouin has been convicted five different times on more than eleven different charges. Response 15-16.

Finally, granting the motion would prejudice the Government. If Drouin was permitted to withdraw his plea, his co-defendants would likely be called as witnesses to testify against him. Had Drouin originally declined the plea agreement, his co-defendants would likely have remained in Michigan at the direction of the Government in anticipation of providing testimony against him. Co-defendants Robert Morris and Darcy Debats are currently incarcerated in federal prisons in Ohio and West Virginia, respectively. The time and expense associated with transporting Drouin's co-defendants back to Michigan to provide testimony against him prejudices the government.

In sum, all seven factors favor denial of Drouin's motion to withdraw his guilty plea.

### III

Accordingly, Defendant Drouin's motion to withdraw his guilty plea is **DENIED**.

It is further **ORDERED** that Defendant Drouin's sentencing hearing is set for **October 10, 2013 at 3:00 p.m.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 17, 2013

- 6 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 17, 2013.

                        <u>s/Tracy A. Jacobs</u>
                        TRACY A. JACOBS