UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                          Case No. 1:12-cr-20640-01

v.                                                       Honorable Thomas L. Ludington

DANIEL ROBERT DROUIN,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE AND DENYING DEFENDANT'S MOTION FOR COUNSEL**

On April 10, 2013, Defendant Daniel Drouin was indicted by a grand jury on one count of conspiracy to distribute cocaine and two counts of aiding and abetting in the distribution of cocaine. ECF No. 40. Defendant pled guilty to one count of conspiracy to distribute more than 500 grams of cocaine and was sentenced to 200 months in custody (consecutive to a state court sentence) and four years supervised release. ECF No. 71.

On June 4, 2021, Defendant, through counsel, filed a motion to appoint counsel and a motion to reduce his sentence under 18 U.S.C. § 3852(c)(1)(a) for extraordinary and compelling reasons. ECF Nos. 94, 95. Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (6th Cir. Nov. 20, 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020).

Defendant did not indicate in his Motion whether he sought compassionate release from the BOP. The Sixth Circuit has clearly stated that defendants must first seek release from the BOP before filing a motion for compassionate release in federal court. Even though Defendant seeks a reduction in his sentence due to extraordinary and compelling factors unrelated to the COVID-19 pandemic and concerns about his health, he has not demonstrated that he is excused from the exhaustion requirement. Defendant may refile his Motion for Compassionate Release if he includes evidence of exhaustion.

Defendant further seeks the appointment of counsel. The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. See *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not satisfied the high burden of demonstrating that appointment of counsel is warranted. Seeking compassionate release does not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing his claim on his own behalf. Even if this Court were inclined to grant the Motion to Appoint Counsel, it does not decide which defense counsel would be assigned to the case and could not appoint Mr. Dunn for his efforts on the already filed

Motion for Compassionate Release. Defendant's Motion for Appointment of Counsel will be denied.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 95, is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Defendant's Motion for Appointment of Counsel, ECF No. 94, is **DENIED**.

Dated: July 9, 2021                                                        s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge